# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:10CV-P72-R

JASMINE JAZZ ADAMS
A/K/A TIMOTHY D. ROUSE               PLAINTIFF

v.

DAVID HARGROVE *et al.*                 DEFENDANTS

## MEMORANDUM OPINION

  Plaintiff Jasmine Jazz Adams, also known as Timothy D. Rouse, is a convicted inmate currently incarcerated in the Kentucky State Penitentiary. He filed a *pro se* complaint (DN 1) and amended complaint (DN 8) under 42 U.S.C. § 1983, alleging constitutional violations by David Hargrove, Graves County Commonwealth's Attorney; Richard Kemp, Graves County Assistant Commonwealth's Attorney; Casey J. Naber, Plaintiff's former public defender; Timothy C. Stark (Plaintiff fails to provide Stark's position/title or otherwise identify him); Barry Rice, Kentucky State Police Detective; G.L. Ovey, Lyon County Commonwealth's Attorney; and Unknown Lyon County District Attorney.[1] Plaintiff seeks damages and injunctive relief.

  This matter is before the Court on initial review of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the instant action.

---

  [1]Plaintiff fails to indicate in which capacity he sues Defendant Stark; he sues Defendant Ovey in his individual capacity; and sues all other Defendants in their individual and official capacities.

**I.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

## II.

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. *Claims against Defendants Hargrove, Kemp, Naber, and Stark*

In the complaint and amended complaint, Plaintiff raises several claims against these Defendants "dealing with his criminal conviction out Graves County Circuit Court Indictment No. 07-CR-187." Plaintiff claims as follows: (1) Defendants Hargrove, Kemp, and Naber engaged in a conspiracy during the preliminary investigation of Plaintiff's criminal case and engaged in a premeditated conspiracy to induce Plaintiff into an "unwillingly, involuntary unkept guilty plea by tricks, and promises to lead Plaintiff to become confined"; (2) Defendants Hargrove, Kemp, Naber, and Stark engaged in a conspiracy that falsely imprisoned Plaintiff for a period of two years by an unlawful, involuntary, and invalid conviction; (3) Defendant Naber engaged in several conspiracies "with other state officials to induce the Plaintiff into a invalid conviction upon Defendants ineffective advice, when if it wasnt for such advice Plaintiff would not had pled guilty, but would had went to trial"; and (4) Defendants Naber and Kemp engaged

3

in a conspiracy to deprive Plaintiff of a fair evidentiary hearing when they committed perjury under oath in the United States District Court on April 9, 2010.

The foregoing claims must be dismissed. First, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). All of Plaintiff's claims of conspiracy are broad and conclusory and lack the degree of specificity required to state a conspiracy claim. He has not alleged that there was a single plan, that the alleged conspirators shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury. *See Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985).

Second, Defendant Public Defender Naber, in representing Plaintiff in the state-court action, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). While an exception exists if the defense attorney has engaged in a conspiracy with state officials to deprive another of federal rights, *see Tower v. Glover*, 467 U.S. 914, 920 (1984), the Court has already determined that Plaintiff has not set forth facts sufficient to state a conspiracy claim.

Third, Plaintiff's claims against prosecutorial Defendants Hargrove and Kemp with respect to their conduct in their role as advocates, *i.e.*, initiating and pursuing a criminal

4

prosecution and presenting the Commonwealth of Kentucky's case, are barred by absolute prosecutorial immunity. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) ("Functions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits.") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Moreover, federal courts have no general power to compel action by state officers in the performance of their duties. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

Finally, as to Plaintiff's claim that Defendants Naber and Kemp committed perjury during an evidentiary hearing, "[i]t is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) (citing *Briscoe v. LaHue*, 460 U.S. 325, 330-31 (1983)). "Thus, it is clear that [Defendants] would be insulated from liability for any testimony that [they] provided as a witness at trial, no matter how egregious or perjurious that testimony was alleged to have been." *Id.*

### B. Claims against Defendants Rice, Ovey, and the Unknown County Attorney

Plaintiff adds these three individuals as Defendants in the amended complaint. He claims that Defendant Rice was deliberately indifferent and engaged in a conspiracy to use excessive force "by failing to investigate and to prevent the brutal beaten upon Plaintiff by Fulton County Jail Officials," even though Defendant Rice knew the assault was to occur. Plaintiff further

5

claims that Defendant Rice destroyed physical evidence "in order to help them avoid prosecution."

Plaintiff claims that Defendants Ovey and the Unknown County Attorney were deliberately indifferent "and allowed intent[ional] infliction of wanton pain upon Plaintiff . . . on more then one isolated incident to hold the county responsible." He claims that these Defendants repeatedly refused to investigate and prevent a sexual assault upon him and failed to file or prosecute the formal complaints submitted by Plaintiff. Plaintiff finally claims that Defendants Ovey and the Unknown County Attorney were negligent and that their actions were motivated in part by class-based discrimination.

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis of [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834 (6th Cir. 2002). The required facts must provide adequate detail to support the claim, such as specific incidents of deprivation of Plaintiff's rights, how each Defendant was involved, the names of other persons involved, dates, and places. The specific facts must also explain how Plaintiff himself was personally injured by the challenged conduct or condition. *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Plaintiff alleges multiple instances of "wanton infliction of pain," a brutal beating, and a sexual assault but fails to provide any dates or other description of those events such as who

allegedly beat/assaulted him and the extent of his injuries, if any. Plaintiff has failed to place Defendants on notice as to the claim(s) against them.

Further, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). "The failure to conduct a full and fair investigation and prosecution of an alleged crime does not state a claim unless there is a violation of another recognized constitutional right." *Smallwood v. McDonald*, 805 F.2d 1036 (6th Cir. 1986) (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam)); *Nelson v. Detroit Police Dep't*, 798 F.2d 470 (6th Cir. 1986). As further explained by the Sixth Circuit:

> It is true that law enforcement officials can be liable for their inaction when they fail to perform a statutorily imposed duty to enforce the law equally and fairly. *Smith v. Ross*, 482 F.2d 33, 36 (6th Cir. 1973). However, a failure to adequately investigate an incident does not state a claim unless the defendants violate a specific constitutional right of the plaintiff. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). Here [the plaintiff] merely requested an investigation by the FBI, and he alleges that the response was inadequate. On these facts, the district court was correct to conclude that he had failed to state a claim.

*Buerger v. Smith*, No. 85-3307, 1985 WL 13876, at *1 (6th Cir. Oct. 9, 1985); *see also Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (explaining that victims lack constitutional right to compel criminal prosecution); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997) ("[N]o federal appellate court, including the Supreme Court . . . has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence.") (emphasis omitted); *Taylor v. Matthews*, No. C 97-1503 FMS(PR), 1997 WL 257507, at *1 (N.D. Cal. May 6, 1997) (finding that police officers failed to violate plaintiff's constitutional rights when they failed to take plaintiff's complaint for criminal charges against the victim of the crime for which he was convicted); *Fulson v. City of Columbus*, 801 F. Supp. 1,

7

6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.").

Although Plaintiff claims that Defendants Ovey's and the Unknown County Attorney's actions were motivated in part by class-based discrimination, Plaintiff fails to specify any race or other characteristic that would implicate any equal protection violation. *See Burchett v. Self*, No. 94-5058, 1994 WL 276865, at *2 (6th Cir. June 21, 1994) ("Because Burchett fails to claim that the FBI agent's alleged inaction was motivated by impermissible reasons, Burchett fails to assert a *Bivens* action against the FBI agent.").

For the reasons set forth more fully above, the instant action will be dismissed by separate Order.

Date:

cc: Plaintiff Jasmine Jazz Adams a/k/a Timothy D. Rouse, *pro se*
　　Defendants
4413.005